IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| In re: | : | BANKRUPTCY CASE |
| DANNY LAMAR HAMPTON, | : | NO. 14-70553-JTL |
| Debtor. | : | CHAPTER 12 |

## NOTICE OF TRUSTEE'S MOTION TO APPROVE SETTLEMENT

Walter Kelley, Trustee ("*Trustee*") in the above case filed a motion to ask the Court approve a proposed settlement of claims asserted by the Trustee in adversary proceeding complaint no. 17-07003 styled *"Walter W. Kelley, Chapter 12 Trustee vs. Danny Lamar Hampton and Derrell Hampton."* Under the proposed settlement, the Debtor and Derrell Hampton have agreed to partition co-owned real estate located in Irwin County, Georgia and settle claims of the Trustee, Danny Hampton and Derrell Hampton related to the Irwin County real estate.

**YOUR RIGHTS MAY BE AFFECTED. You should read these documents carefully and discuss them with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one. If not served with this notice in accordance with the Bankruptcy Code or Federal Rules of Bankruptcy Procedure, a copy of the motion may be obtained upon written request to counsel for Trustee (identified below) or at the Clerk's office.**

If you do not want the court to grant the motion, or if you want the court to consider your views on the motion then you or your attorney shall file with the court a written objection or response on or before **06/11/2018** pursuant to FRBP 9006(f). If you receive this notice by mail, you may add 3 days to the response date stated above.   An objection or response should be sent to:

Clerk, U. S. Bankruptcy Court, Middle District of Georgia
P. O. Box 2147
Columbus, GA 31902; (706) 649-7837

**If an objection or response is filed, a hearing on the motion shall be held on July 25, 2018 at 10:30 a.m., at the U.S. Bankruptcy Court, U.S. Federal and Post Office Building, 401 N Patterson Street, Valdosta, Georgia 31601.**

If you mail your response or objection to the court for filing, you shall send it early enough so the court will **receive** the objection or response on or before the response date stated above.
Any response or objection shall also be served on the movant.

**If you or your attorney does not take these steps, the court may decide that you do not oppose the relief sought in the motion or objection and may enter an order granting relief.**

This notice is sent by the undersigned pursuant to LBR 9007.

This 21st day of May, 2018.

/s/ Thomas D. Lovett
Thomas D. Lovett
Attorney for Walter Kelley, Trustee
Kelley, Lovett, Blakey & Sanders, P.C.
P.O. Box 1164
Valdosta, GA 31603
(229) 242-8838
tlovett@kelleylovett.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| In re: | : | BANKRUPTCY CASE |
| | : | |
| DANNY LAMAR HAMPTON, | : | NO. 14-70553-JTL |
| Debtor. | : | CHAPTER 12 |

### CERTIFICATE OF SERVICE

I hereby certify that I have furnished a true copy of the ***TRUSTEE'S MOTION TO APPROVE SETTLEMENT*** and ***NOTICE*** to those listed below by either court's electronic mail system, regular electronic mail or by depositing the same in the United States Mail, in a properly addressed envelope with sufficient postage thereto affixed to insure delivery, this 21st day of May, 2018.

Danny Lamar Hampton
507 Waterloo-Rebecca Hwy.
Chula, Georgia 31733

Derrell Hampton
573 Waterloo-Rebecca Highway
Chula, GA 31733

John C. Spurlin
Attorney for Derrell Hampton
johnspurlin@spurilinlaw.com

Ray Holland, Attorney for Danny Hampton
house157@mindspring.com

Karl Osmus
Attorney for FNB South Bank
karlosmus@aol.com

ELIZABETH A. HARDY
ASSISTANT U. S. TRUSTEE
Ustp.region21.mc.ecf@usdoj.gov

ALL CREDITORS AND OTHER PARTIES SHOWN ON THE LIST ATTACHED TO THIS CERTIFICATE OF SERVICE AS EXHIBIT "A" (Served with a copy of the ***Notice*** only)

/s/ Thomas D. Lovett
Thomas D. Lovett
Attorney for Walter W. Kelley, Trustee

| | | |
|---|---|---|
| Alfa Insurance<br>2031 N. Slappey Blvd., Ste. D<br>Albany, GA 31701-1000 | Alfa Insurance<br>P.O. Box 11000<br>Montgomery, AL 36191-0001 | Ally Financial f/k/a GMAC<br>PO Box 130424<br>Roseville, MN 55113-0004 |
| American InfoSource LP as agent for<br>Verizon<br>PO Box 248838<br>Oklahoma City, OK 73124-8838 | Ameris Bank<br>P.O. Box 71748<br>Albany, GA 31708-1748 | Ameris Bank<br>c/o Capital Recovery Advisors<br>Stephen R. Tumminello, Esq.<br>2400 Augusta Drive, Suite 212<br>Houston, TX 77057-4998 |
| Ameris Bank<br>P.O. Box 963<br>Tifton, GA 31793-0963 | Atty. General for the United States<br>Main Justice Building<br>10th & Constitution<br>Washington, DC 30530 | BB&T Bankruptcy Section<br>Mailcode: 100-50-01-51<br>PO Box 1847<br>Wilson, NC 27894-1847 |
| Beth Hampton<br>c/o Crystal M. James<br>Attorney At Law<br>235 Peachtree Street, Suite 400<br>Atlanta, GA 30303-1400 | Beth Hampton<br>139 Waterloo Rebecca Hwy<br>Chula, GA 31733-3726 | Biberstein & Nanley<br>P.O. Box 428<br>Burgaw, NC 28425-0428 |
| Branch Banking & Trust<br>P.O. Box 1165<br>Tifton, GA 31793-1165 | Branch Banking and Trust Company<br>c/o Stephen P. Drobny<br>Jones Walker LLP<br>1360 Peachtree Street NE, Suite 1060<br>Atlanta, GA 30309-3284 | Card Services<br>P.O. Box 2181<br>Columbus, GA 31902-2181 |
| CBA<br>321 Main Street S<br>Tifton, GA 31794-4897 | Citimortgage<br>1000 Technology Dr.<br>O'Fallon, MO 63368-2240 | CitiMortgage, Inc.<br>5280 Corporate Drive<br>Frederick, MD 21703-8502 |
| Clayton George Deen<br>2434 George Deen Rd<br>Broxton, GA 31519-7202 | Coffee County Tax Commissioner<br>P.O. Box 1207<br>Douglas, GA 31534-1207 | Columbus Bank & Trust<br>P.O. Box 120<br>Columbus, GA 31902-0120 |
| Community Banking Company of Fitzgerald<br>P.O. Box 130<br>Fitzgerald, GA 31750-0130 | Convergent Outsourcing<br>P.O. Box 9004<br>Renton, WA 98057-9004 | Credit Bureau Associates<br>321 Main St<br>Tifton Ga 31794-4897 |
| Danny Lamar Hampton<br>507 Waterloo-Rebecca Hwy<br>Chula, GA 31733-3510 | Derrell Hampton<br>c/o Gary L Moser<br>P O Box 1451<br>Valdosta, GA 31603-1451 | Dr. Navdeepa Chainani<br>72 Kent Road, Ste. 4<br>Tifton, GA 31794-1695 |

EXHIBIT "A"-HAMPTON

EOS CCA
P.O. Box 806
Norwell, MA 02061-0806

Estate of Mary L. Hampton
358 Stillwater Road
Chula, GA 31733-3606

Farm Service Agency
C/O U.S. Attorney
P.O. Box 1702
Macon, GA 31202-1702

First National Bank- South
423 W. 12th St.
Alma, GA 31510-2141

First Point Collection Services
P.O. Box 26140
Greensboro, NC 27402-6140

FNB South Bank
c/o Karl Osmus, Esq. (ECF)
1010 Williams Street
Valdosta, GA  31601

FNB South Bank
423 West 12th Street
P. O. Box 2028
Alma, GA 31510-0928

FSA
163 Tech Pointe Drive
Fitzgerald, GA 31750-6559

General for the United States
Main Justice Building
10th & Constitution
Washington, DC 30530

GEORGIA DEPARTMENT OF REVENUE
COMPLIANCE DIVISION
ARCS BANKRUPTCY
1800 CENTURY BLVD NE SUITE 9100
ATLANTA GA 30345-3202

GMAC
P.O. Box 78369
Phoenix, AZ 85062-8369

H & H Livestock Services, Inc.
507 Waterloo Rebecca Hwy
Chula, GA 31733-3510

Harrell Hampton
c/o Crystal M. James
Attorney At Law
235 Peachtree Street, Suite 400
Atlanta, GA 30303-1400

I.R.S./Insolvency
P.O. Box 7346
Philadephia, PA 19101-7346

Irwin County Tax Commissioner
202 S. Irwin Avenue
Ocilla, GA 31774-1859

J. Shane Hudson
P.O. Box 1165
Tifton, GA 31793-1165

John Martel (Mail Returned)
517 Waterloo Rebecca Hwy
Chula, GA 31733-3510

Liberty Mutual Insurance aso Deborah Fry
c/o Mary A Miller & Associates LLC
P O Box 1588
Norcross, GA 30091-1588

Liberty Mutual Insurance Company
100 Liberty Way
Dover, NH 03820-4597

LVNV Funding
P.O. Box 10497
Greenville, SC 29603-0497

Mary A. Miller & Associates, LLC
P.O. Box 1588
Norcross, GA 30091-1588

McCurdy & Candler
P.O. Box 57
Decatur, GA 30031-0057

Professional Recovery Consultants
P.O. Box 51187
Durham, NC 27717-1187

PROFESSIONAL RECOVERY CONSULTANTS
INC
2700 MERIDIAN PARKWAY
SUITE 200
DURHAM NC 27713-2450

R. Flay Cabiness
2225 Gloucestes St.
Brunswick, GA 31520-6912

Recovery Management Systems Corporation
25 SE 2nd Avenue Suite 1120
Miami, FL 33131-1605

Sherrif Donnie Youghn
400 S Irwin
Ocilla, GA 31774-2007

EXHIBIT "A"-HAMPTON

Sims, Fleming, Benson & Hudson
P.O. Box 1165
Tifton, GA 31793-1165

Social Security Administration
MATPSC
P.O. Box 3430
Philadelphia, PA 19122-0430

Social Security Administration
c/o U.S. Attorney's Office
P.O. Box 1702
Macon, GA 31202-1702

Social Security Administration
Southeastern Program Ser. Cntr.
1200 Rev. Abraham Woods, Jr. Blvd.
Birmingham, AL 35285-0001

Synchrony Bank
Recovery Management Systems Corporation
25 S.E. 2nd Avenue, Suite 1120
Miami, FL 33131-1605

Tate & Kirklin Associates
2810 Southhampton Road
Philadelphia, PA 19154-1207

Thomas H. Pittman
P.O. Box 745
Tifton, GA 31793-0745

Tift Regional Medical Center
P.O. Box 807
Tifton, GA 31793-0807

Tifton Banking Company
P.O. Box 7606
Tifton, GA 31793-7606

United States Attorney
300 Mulberry Street, 4th Floor
P.O. Box 1702
Macon, GA 31202-1702

United States Dept. of Agriculture
Farm Service Agency
Georgia State Farm Service Agency
355 E. Hancock Ave., Stop 104
Athens, GA 30601-4538

Verizon Wireless
618 Grossmere Park
Nashville, TN 37211-3643

Windstream fka Alltel
One Allied Dr. Bldg 4
2nd Floor
Little Rock, AR 72202-2065

EXHIBIT "A"-HAMPTON

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| In re: | : | BANKRUPTCY CASE |
| | : | |
| DANNY LAMAR HAMPTON, | : | NO. 14-70553-JTL |
| | : | |
| Debtor. | : | CHAPTER 12 |

## TRUSTEE'S MOTION TO APPROVE SETTLEMENT

COMES NOW Walter W. Kelley, Chapter 12 Trustee ("*Trustee*") in the above case and shows as follows:

-1-

This motion to approve a settlement is filed by the Trustee under Bankruptcy Rule 9019. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A).

-2-

Danny L. Hampton ("*Debtor*") filed a Chapter 13 bankruptcy case in this Court on May 5, 2017. The Chapter 13 case was converted to a Chapter 12 on April 29, 2015 [docket 76]. The Trustee is the duly appointed chapter 12 Trustee in this case.

-3-

The Debtor and his brother, Derrell Hampton each own an undivided one-half interest in estate in Irwin County, Georgia, including timber and marketable pine straw located on the real estate. The co-owned real estate includes one tract of approximately 1,727 acres known as the "*River Ridge Property*" and another tract of approximately 434 acres known as the "*Home Place Property.*"

-4-

The Debtor's interest in the Irwin County real estate is property of the Debtor's bankruptcy estate under 11 U.S.C. § 541. The Trustee seeks to recover the value of the Debtor's interest in the real estate for the benefit of the Debtor's bankruptcy estate.

-5-

The Debtor's Chapter 12 plan was confirmed on October 27, 2015 [docket 126].

-6-

The Trustee filed adversary proceeding complaint no. 17-07003 styled "*Walter W. Kelley, Chapter 12 Trustee vs. Danny Lamar Hampton and Derrell Hampton.*" The complaint was to obtain authority to sell the Debtor's interest and the interest of Derrell Hampton in the real estate

under 11 U.S.C. § 363(h). The adversary proceeding complaint is pending. No order or judgment has been entered in the adversary proceeding case.

-7-

The Trustee, Debtor and Derrell Hampton have reached a settlement of the Trustee's adversary proceeding complaint no. 17-07003 by partitioning the real estate and the Debtor and Derrell Hampton have agreed to settle all claims they have against each other related to the real estate. The specific terms of the proposed settlement agreement are as follows:

*River Ridge Property*

1. The **River Ridge** property will be partitioned and divided into two tracts. Danny Hampton will receive title to "**Tract 2**"[4] (shown as 863.804 acres) and Derrell Hampton will receive title to "**Tract 1**"[5] (which will consist of 863.804 acres) to be shown in a survey map to be attached to the order granting this motion (hereafter referred to as the "*order*") entitled "*DIVISION SURVEY FROM PARENT TRACT FOR DERRELL HAMPTON & DANNY LAMAR HAMPTON*" dated January 2, 2018. Each tract will have access to a public roadway. Tract 1 will have access to the public roadway shown on the survey map as "*Georgia Highway 32.*" Tract 2 will have access to the public roadway shown on the survey map as "*Cypress Lake Road.*"

2. No later than 15 days after the date of the entry of the order, Danny Hampton and Derrell Hampton will execute and deliver quit claim deeds to each other to effect the **River Ridge** property partition described above. Upon receipt of delivery of the respective quit claim deeds, Danny Hampton and Derrell Hampton will promptly and duly record their respective quit claim deeds in the Irwin County, Georgia Clerk's Office.

3. As soon as practicable, the Trustee and Derrell Hampton will cause all merchantable timber[6] (excluding stand(s) of longleaf planted pine trees which are currently producing saleable pine straw capable of being commercially harvested) located on the **River Ridge**

---

[4] The legal description of **Tract 2** of the **River Ridge** property will be attached to the order. The quit claim deed from Derrell Hampton to Danny Hampton will use this legal description.

[5] The legal description of **Tract 1** of the **River Ridge** property will be attached to the order. The quit claim deed from Danny Hampton to Derrell Hampton will use this legal description.

[6] The term "*merchantable timber*" will mean "merchantable timber" as defined in accordance with industry guidelines and standards established or accepted by the Georgia Forestry Commission.

property to be harvested and sold in a manner consistent with best forestry management practices.[7] One-half of the **River Ridge** property timber sale proceeds will be paid directly to Derrell Hampton and one-half of the timber sale proceeds will be paid directly to the Trustee for the benefit of Danny Hampton's bankruptcy estate. Based on the amount of timber sale proceeds received by each of them, Derrell Hampton and the Trustee will be liable for their respective share of any timber tax owed to Irwin County Tax Commissioner and any income, capital gains or other tax incurred or owed to any taxing authority resulting from the timber sale.

4. The Trustee, Danny Hampton and Derrell Hampton and all persons necessary for the timber harvesting operation will have a temporary easement and access in and to the **River Ridge** property for the limited purpose of and limited to the extent necessary for ingress and egress during the timber harvesting activity described above. Once the timber harvesting is complete, the temporary easement and access will automatically terminate.

*Home Place Property*

5. The **Home Place** will be partitioned and divided into two tracts. Danny Hampton will receive title to "**Tract 2**"[8] (consisting of 216.90 acres) and Derrell Hampton will receive title to "**Tract 1**"[9] (consisting of 217.23 acres) which will be shown in a survey map to be attached to the order entitled "*Survey for James D. Hampton*" dated October 11, 1982.

6. No later than 15 days after the date of the order, Danny Hampton and Derrell Hampton will promptly execute and deliver quit claim deeds to each other to effect the Home Place property partition described above. Upon receipt of delivery of the respective quit claim deeds, Danny Hampton and Derrell Hampton will promptly and duly record their respective quit claim deeds in the Irwin County, Georgia Clerk's Office.

---

[7] The term "*best management practices*" will mean "best management practices" defined in accordance with industry guidelines and standards established or accepted by the Georgia Forestry Commission.

[8] The legal description of **Tract 2** of the **Home Place** property will be shown in an Exhibit attached to the order. The quit claim deed from Derrell Hampton to Danny Hampton will use this legal description.

[9] The legal description of **Tract 1** of the **Home Place** property will be shown in an Exhibit attached to the order. The quit claim deed from Danny Hampton to Derrell Hampton will use this legal description.

7. As soon as practicable, the Trustee and Derrell Hampton will confer and jointly employ a Georgia registered forester[10] who is qualified to perform a timber cruise on the **Home Place** property. Danny Hampton will be authorized but not required to provide input to the Trustee regarding selection of a qualified forester. The timber cruise will be performed in accordance with applicable guidelines and standards established and accepted by the Georgia Forestry Commission. The purpose of the timber cruise is to establish the total value of all merchantable timber which is located on Tracts 1 and 2 of the **Home Place** property. The Trustee and Derrell Hampton will each be entitled to a copy of the timber cruise report and will pay equal shares for the cost of the timber cruise and timber cruise report. The Trustee and Derrell Hampton will use the total value of all merchantable timber on Tracts 1 and 2 of the **Home Place** property established by the timber cruise report as the basis to cause the Trustee and Danny Hampton to receive equal amounts of the total value of all merchantable timber located on Tracts 1 and 2 of the **Home Place** property in the manner described in paragraph 8, below.

8. As soon as practicable, the Trustee will cause all of the merchantable timber located on Danny Hampton's tract 2 of the **Home Place** property to be harvested in accordance with best management practices.
    a. If the total timber proceeds harvested from Danny Hampton's tract 2 is <u>less</u> than one-half of the total value of all merchantable timber located on tracts 1 and 2 of the **Home Place** property based on the timber cruise report, then Derrell Hampton will, in his sole discretion promptly
        1) pay the Trustee an amount needed to result in the Trustee receiving a sum equal to one-half of the total value of all merchantable timber located on tracts 1 and 2 of the **Home Place** property based on the timber cruise report; or
        2) grant the Trustee (and the Trustee's authorized agent) written permission to enter onto and harvest timber located on Derrell Hampton's Tract 1 of the **Home Place** property but only up to the amount necessary to result in the Trustee receiving a sum equal to one-half of the total value

---

[10] "Georgia registered forester" will mean a professional forester who is duly registered and in good standing with the Georgia Forestry Commission.

of all merchantable timber located on tracts 1 and 2 of the **Home Place** property based on the timber cruise report.

For example, if the timber cruise report shows the total value of all merchantable timber on tracts 1 and 2 of the **Home Place** property is $200,000, then Derrell Hampton and the Trustee are each entitled to receive $100,000. If merchantable timber actually harvested from Danny Hampton's tract 2 has a value of $60,000, then the Trustee is entitled to receive $40,000 from Derrell Hampton. In this event, Derrell Hampton will, in his sole discretion, promptly 1) pay the Trustee $40,000 in cash or 2) grant the Trustee permission to harvest timber with a value of $40,000 from Derrell Hampton's tract 1.

b. If the total timber proceeds harvested from Danny Hampton's tract 2 is _more_ than one-half of the total of all merchantable timber located on Tracts 1 and 2 of the **Home Place** property based on the timber cruise report, then the Trustee will pay Derrell Hampton that amount of timber proceeds in excess of one-half of the total value of all merchantable timber located on Tracts 1 and 2 to result in Derrell Hampton receiving a sum equal to one-half of the total value of all merchantable timber located on tracts 1 and 2 of the **Home Place** property based on the timber cruise report.

9. The Trustee and Derrell Hampton will be liable for their respective pro-rata share (based on the amount of respective timber proceeds paid to each of them) of any tax owed to Irwin County Tax Commissioner and any income, capital gains or other tax incurred or owed to any taxing authority resulting from timber harvested and sold from the **Home Place** property.

10. Danny Hampton and Derrell Hampton will cooperate and assist each other in making improvements and maintenance on a dam that currently exists on the **Home Place** property to allow Danny Hampton and his farm tenant (including the tenant's farm equipment) full and complete access across the dam to Danny Hampton's Tract 2, including but not limited to access as needed to perform farming operations necessary for crop production on the cultivatable farm land located on Danny Hampton's Tract 2.

11. To improve and maintain the dam as described above on the **Home Place** property, Derrell Hampton will be responsible for providing pipe or culvert materials and Danny Hampton will be responsible for providing dirt material. Each will provide adequate materials which are proper and necessary to improve and maintain the dam and provide access as described above. For this initial improvement only, Derrell Hampton will also be responsible for providing the equipment and labor necessary to improve the dam as described above.

12. Danny Hampton will have a permanent easement over the dam described above on the **Home Place** property for access to Danny Hampton's Tract 2, including but not limited to access required for the purpose of performing farming operations necessary for crop production on the cultivatable farm land located on Danny Hampton's Tract 2.

13. Derrell Hampton and Danny Hampton will be equally responsible for costs required to preserve and maintain the condition, integrity and function of the dam/easement following completion of the improvements on the dam on the **Home Place** property described above. If the condition(s) of the dam/easement prevents Danny Hampton or his farm tenant (including farm equipment) from accessing Danny Hampton's Tract 2 or accessing or performing crop operations on the cultivatable farm land on Danny Hampton's Tract 2, Derrell Hampton will allow and grant Danny Hampton and his farm tenant access to the cultivatable land by an existing alternate route through Derrell Hampton's tract 1. The alternate route will be temporary and exist only as long as is necessary to make the dam/easement useable and passable. It is stipulated that as of the present date, the existing conditions of the dam and dam improvements to be performed have not yet provided access across the dam.

    If Derrell Hampton and Danny Hampton do not agree on any issue relating to access or use of the dam/easement or relating to any improvement, maintenance or repair of the dam/easement, or the use of any temporary alternate route, then Danny Hampton and/or Derrell Hampton will submit the dispute(s) to a "neutral" person to obtain a final decision to resolve the dispute(s). If a neutral person is needed to resolve a dispute, Danny Hampton and Derrell Hampton will jointly request attorney Joe Gray act as the neutral. If Mr. Gray is unable or unwilling to serve in this capacity, Danny Hampton and

Derrell Hampton will jointly request the Chief Judge of the Tift Judicial Circuit appoint a person to serve as a neutral. The neutral's decision on all disputes will be final and binding upon Danny Hampton and Derrell Hampton, their heirs, assigns, creditors, lessees, tenants and others. Danny Hampton and Derrell Hampton will pay equal shares of all costs, fees and related charges of the neutral person.

*First National Bank South's Claims*

14. Danny Hampton's interest (but not Derrell Hampton's interest) in the **River Ridge** property and **Home Place** property may be subject to two judicial liens against Danny Hampton asserted by First National Bank South ("*FNB South*"). One judicial lien is described in *Proof of Claim* no. 3 filed in Danny Hampton's chapter 12 case by Branch Banking and Trust Company ("*BB&T*") in the amount of $263,723.56 that was assigned to FNB South. The second judicial lien claim is described in *Proof of Claim* no. 6 filed by FNB South in the amount of $525,379.73.[11]

15. FNB South's judicial liens described above will not attach to or encumber any interest in the following real estate which Danny Hampton transfers to Derrell Hampton to effect the partition provided for in this order: "**Tract 1**" of the **River Ridge** property (shown in **Exhibit "A"**) and "**Tract 1**" of the **Home Place** property (shown in **Exhibit "B"**). After entry of the order, FNB South will promptly record a release and cancellation in the Irwin County, Georgia Clerk's Office releasing and cancelling its judicial liens in and to the tracts of real estate transferred by Danny Hampton to Derrell Hampton described in the preceding sentence.

16. The terms of settlement provided for in this order will fully release, settle and forever discharge all claims which Danny Hampton and Derrell Hampton has or may have against the other arising before the date of this order related to their respective interests in the **River Ridge** property and the **Home Place** property.

17. The terms of the order will be binding on, and inure to the benefit of, the successors and assigns of the Trustee, Danny Hampton and Derrell Hampton. Nothing in the order will

---

[11] The Trustee's rights related to these claims as stated in paragraph 20 of Danny Hampton's chapter 12 plan [docket 110] and in the order confirming plan [docket 126] will not be affected by the order.

confer upon any person other than the parties hereto, or their respective successors and assigns, any rights or benefits referred to or created by the order.

18. All terms of the order will be construed and interpreted and may be enforced in accordance with applicable Bankruptcy law and Georgia law.

WHEREFORE, the Trustee prays that the Court:
1. Grant this motion and authorize the parties to enter into the settlement agreement described in this motion; and
2. Grant such other and further relief as the Court deems just and proper.

/s/ Thomas D. Lovett
Thomas D. Lovett
Attorney for Walter W. Kelley, Trustee
Kelley, Lovett, Blakey & Sanders, P.C.
P.O. Box 1164
Valdosta, GA 31603
(229) 242-8838
Georgia Bar No. 459571
tlovett@kelleylovett.com